Diana G. CORNS, Plaintiff–Appellee,

v.

RUSSELL COUNTY VIRGINIA SCHOOL BOARD; Larry A. Massie, individually, and in his official capacity as Division Superintendent; Roger D. Sword, individually, and in his official capacity as a member of the Russell County School Board; Hugh Barrett, individually, and in his official capacity as a member of the Russell County School Board; Harold Mitchell, individually, and in his official capacity as a member of the Russell County School Board; Denny L. Jessee, individually, and in his official capacity as a member of the Russell County School Board; Olaf Porter, individually, and in his official capacity as a member of the Russell County School Board; John Henry Smith, individually, and in his official capacity as a member of the Russell County School Board, Defendants–Appellants.

No. 93–2485.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1994.

Decided April 19, 1995.

---

**ARGUED:** Scott Sanford Cairns, McGuire, Woods, Battle & Boothe, Richmond, VA, for appellants. Mark Russell Graham and David Joseph Hutton, Boucher & Hutton, Abingdon, VA, for appellee. **ON BRIEF:** Cynthia E. Hudson, McGuire, Woods, Battle & Boothe, Richmond, VA, for appellants.

Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

## OPINION

PER CURIAM:

The School Board of Russell County, Virginia, appeals the district court's entry of summary judgment in favor of Diana G. Corns. Corns maintains that the school board violated her Fourteenth Amendment due process rights by not renewing her employment contract. The dispositive issue in this appeal is whether Corns is properly classified under Virginia state law as a probationary employee with no property rights extending beyond the term of her annual contract or an employee with a property interest in continued employment. The district court determined that Corns' status was that of a "continuing contract" employee and that her due process rights were violated when the school board did not renew her contract.

Section 22.1–303 of the Virginia Code controls the classification of Corns' employment status. In relevant part it provides: "A probationary term of service for three years in the same school division shall be required before a teacher is issued a continuing service contract." The facts in this case were undisputed. Between 1985 and 1992, Corns obtained six annual contracts. The chronology of her work history is that she worked for two years, took two years of unpaid leave, and after a one-year hiatus worked for two more years. Upon certification, the Virginia Supreme Court addressed the following question:

> To qualify for "continuing contract" status, does Code § 22.1–303 require a teacher to enter into three consecutive school-year employment contracts and to work for the school board as a teacher in each of the school years covered by those contracts?

*Corns v. School Bd. of Russell County, VA,* 249 Va. 343, 454 S.E.2d 728, 730–31 (1995).

The Virginia Supreme Court observed that the probationary period contained in § 22.1–303 was designed to afford school boards an opportunity to observe teacher performance and evaluate competency. Accordingly, the Supreme Court determined that state law "requires a teacher seeking continuing contract status to perform teaching duties under contract with a school board in each of three school years." *Corns,* 454 S.E.2d at 731.

The Supreme Court also concluded that the phrase "probationary term of service for three years" in § 22.1–303 implies a period of "determined or prescribed duration." *Corns,* 454 S.E.2d at 731–32 (citing *Black's Law Dictionary* 1202 (6th ed.1990)). As

such, a teacher seeking continuing contract status must teach for a unitary period of three consecutive school years while under contract. *Corns*, 454 S.E.2d at 731–32. Corns did not actually teach for three consecutive years.

The United States Court of Appeals for the Fourth Circuit expresses its appreciation to the Virginia Supreme Court for accepting certification of the "continuing contract" issue.

The district court's judgment in favor of Corns is reversed.

*REVERSED.*